UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ZAHRA MOHEBBI,                      )
                                    )
                 Plaintiff,      )
                                    )
      v.                           )       Civil Action No. 14-0704 (JDB)
                                    )
CONCENTRIC METHODS,                 )
                                    )
                 Defendant.      )
_____ )

## MEMORANDUM OPINION

       This matter is before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [ECF No. 18].  For well over a year, the Court repeatedly has continued this case in order to accommodate plaintiff.  Nonetheless, she has failed to prosecute this case or comply with the Court's orders.  For the reasons discussed below, defendant's motion will be granted.

       Plaintiff, who is proceeding *pro se*, brought this action against her former employer under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act, *see generally* Compl. [ECF No. 1], as well as the Family Medical Leave Act and the District of Columbia Human Rights Act, *see generally* Am. Compl. [ECF No. 11].   Defendant filed its answer to the initial complaint [ECF No. 6] on June 18, 2014, and to the amended complaint [ECF No. 13] on September 9, 2014.

       The June 18, 2014 Scheduling Order [ECF No. 7] set an initial scheduling conference for July 18, 2014 at 9:15 a.m.  By minute order on July 17, 2014, the Court reset the matter for

August 1, 2014 and directed the parties to file their joint report pursuant to Local Civil Rule 16.3 by July 30, 2014.  Based on the representations of defendant's counsel regarding plaintiff's availability, the Court continued the matter four times.  The Court's September 8, 2014 minute order directed the parties to file a joint report by October 3, 2014 in preparation for an initial scheduling conference on October 10, 2014.  Again based on counsel's representations, on October 10, 2014, the Court stayed all proceedings for 100 days and set a status hearing for January 16, 2015 at 9:30 a.m.  On January 15, 2015, the Court ordered that the stay remain in effect and reset the status hearing for May 1, 2015.  By minute order on April 30, 2015, the Court continued the matter to June 30, 2015 at 9:30 a.m., advised plaintiff that no further continuances would be granted absent extraordinary circumstances, and warned plaintiff that, if she failed to appear, the Court would dismiss this action under Federal Rule of Civil Procedure 41 for failure to prosecute.

Plaintiff appeared at the June 30, 2015 status conference.  On that same date, based on the parties' representations, the Court directed plaintiff to file her Second Amended Complaint by July 31, 2015 [ECF No. 17].  Plaintiff failed to do so, and on September 8, 2015, defendant filed its motion to dismiss [ECF No. 18].  On September 9, 2015, the Court issued an Order [ECF No. 19] which set October 6, 2015 as the deadline for plaintiff's opposition to defendant's motion.  This order also advised plaintiff that, if she failed to file a timely response, the Court would treat defendant's motion as conceded and dismiss this action.  To date, plaintiff neither has filed an opposition to defendant's motion nor has requested additional time to do so.

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see* LCvR 83.23 ("A dismissal for failure to prosecute may be ordered by

the Court upon motion by an adverse party, or upon the Court's own motion."). The Court also may dismiss a case *sua sponte* because of a plaintiff's failure to comply with court orders designed to ensure orderly prosecution of the case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). "The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*." *Allen v. United States*, 277 F.R.D. 221, 223 (D.D.C. 2011). Dismissal is a harsh result designed to address "egregious conduct by dilatory plaintiffs," and therefore ordinarily it is not warranted where a party has committed only a single act of misconduct. *Trakas v. Quality Brands*, 759 F.2d 185, 188 (D.C. Cir. 1985); *see Gardner v. United States*, 211 F.3d 1306, 1308 (D.C. Cir. 2000) (providing that dismissal under Rule 41 is permissible only after lesser sanctions have been tried without success). In determining whether a dismissal is warranted, the court considers "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citation omitted).

Not once has plaintiff filed a motion for a continuance of an initial scheduling conference or status conference. Nor has plaintiff filed any motion, pleading, or notice of any kind since she submitted her amended complaint in August 2014. This civil action commenced in April 2014, and nearly nineteen months later, the case has not progressed even far enough for the Court to issue a scheduling order.[1] The Court notified plaintiff well in advance of each court date and has

---

[1] In contrast, however, defendant represents that plaintiff actively has been pursuing a substantially similar claim in the Superior Court of the District of Columbia on judicial review of the finding of the District of Columbia Office of Human Rights that there was no probable cause to believe that defendant discriminated against plaintiff on the bases of her nationality and disability. *See generally* Mem. of P. & A. in Support of Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 41(b) at 5; *see id.*, Ex. 1-2.

advised plaintiff in person of the consequences of her failure to file an opposition to defendant's pending motion.  Although defendant does not argue that it has been prejudiced, plaintiff's conduct certainly has inconvenienced defendant and caused it to expend resources unnecessarily.  The Court similarly has been inconvenienced.  Lastly, the Court has made every effort to accommodate plaintiff, yet plaintiff repeatedly has failed to comply with its orders.  Dismissal under Rule 41(b) therefore is appropriate.[2]  *See, e.g., Smith-Bey v. Cripe*, 852 F.2d 592, 594 (D.C. Cir. 1988) ("A lengthy period of inactivity may also be enough to justify dismissal under Rule 41(b)."); *Watts v. Pension Benefit Guaranty Corp.*, No. 12-1542, 2013 WL 2558225, at *1 (D.D.C. June 11, 2013) (dismissing action where "plaintiff has failed to appear in the case either *pro se* or through counsel, though plaintiff is aware of the pending action and has been warned twice by the Court that her failure to appear in the case or respond to the [defendant's] motion to dismiss would result in dismissal of her case").

An Order is issued separately.


DATE:  October 19, 2015          /s/
                                 JOHN D. BATES
                                 United States District Judge

---

[2]  In the alternative, defendant moves to dismiss for lack of subject matter jurisdiction.  *See* Def.'s Mem. at 6.  It appears that the claims set forth in the amended complaint in this action and the claims before the District of Columbia Office of Human Rights are similar but not identical, and the Court will deny defendant's motion in part without prejudice.